ROBERT L. BLAND, Judge.
Claimant Robert P. Roten was hunting in Pocahontas county, West Virginia, in the open deer season of 1949. Upon complaint and information of one R. H. Holderby, a conservation official, Harper M. Smith, a justice of the peace of said Pocahontas county, issued his warrant, directed to said Holderby, charging the said Roten with having committed a misdemeanor, 'in that on the 28th day of November, 1949, in said county of 'Pocahontas, he did unlawfully kill a spiked buck without ■antlers one or more being branched, in violation of article 4, section 3, chapter 20 of the code of West Virginia as amended. The statute in question reads as follows:
“No person shall hunt, capture or kill any deer in this State except in open season, or as provided under section three-b of this article. A licensed person may hunt, capture or kill a buck deer with one or both antlers branched, or an antlerless deer, but only during the open season fixed by the conservation commission for the counties or parts thereof; . . .”
*157 The defendant was arrested and taken before the justice who issued said warrant on said 28th day of November. When arraigned he pleaded not guilty and demanded a trial by jury, advancing costs in the sum of $6.00 as provided by statute. After hearing the evidence adduced by the state and that offered by defendant the jury disagreed and was dismissed. A retrial was ordered and defendant again demanded a jury and advanced cost of $6.00 therefor. Upon said second trial the jury returned a verdict of not guilty.
Said defendant believing that he had committed no offense against the law, and having been duly acquitted of the offense with which he was charged, demanded possession of the deer, but the conservation officers, acting under authority of law, retained said deer in their possession to be disposed of in the manner directed by law. Claimant thereafter asserted a claim against the conservation commission in this court for the purpose of obtaining an award reimbursing him for costs incurred and paid by him and also for what he conceived to be the reasonable value of the deer which he had killed and to the possession of which he honestly, although mistakenly, believed himself to be justly entitled.
Upon investigation and hearing of the claim the head of the slain deer was brought before and inspected by the members of the court of claims. From such inspection it was made manifest that the deer was one which could not be lawfully killed at any time and was within the prohibitive class described in the statute above quoted.
The claimant testified in support of his claim and it was made clear from his testimony that he honestly believed that he had committed no wrong and that he was entitled to his kill. The writer of this statement was impressed with his straightforward statements and demeanor, and can readily make allowance for his misapprehension of the law.
In the case of Morgan v. Conservation Commission, 3 Ct. Claims (W. Va.) 266, we held that the state has a general right *158 to protect wild animals in the interest of the public. The title to such animals is vested in the state. The deer killed by claimant was shown by the testimony to be a spiked buck seventeen months of age. The claimant had no right, even though he had a license to hunt and was hunting in the open season, to kill the deer. It was under the protection of the conservation commission. Claimant was simply misguided in his opinion that he had a right to kill the deer and his right to possession ' thereof. As a matter of fact he stated that he had no purpose or intention of violating the law and that when he did kill the deer he believed he had a right to do so since he had a license to hunt and it was in the open deer season. There is no merit, however, in the claim which he has asserted in this case, and an award must necessarily be denied and his claim dismissed.